**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION AND SPOHN INVESTMENT CORPORATION, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 05-184 |
| ROSS PHYSICAL THERAPY AND REHABILITATION, P.C. AND KAREN ROSS, | § § § § | |
| Defendants, Counter-Plaintiffs, | § § § | |
| v. | § § | |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION AND SPOHN INVESTMENT CORPORATION, SPOHN PHYSICAL THERAPY AND REHABILITATION L.L.P. AND CHRISTUS HEALTH, | § § § § § § § | |
| Counter-Defendants and Third Party Defendants. | § § § | |

### ORDER AND OPINION ON DEFENDANTS, COUNTER-PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT

On this day came to be heard Defendants/Counter-Plaintiffs' Motion to Remand Case to State Court ("Motion to Remand"). This motion was filed in response to the Removal to federal court by Counter-Defendant Christus Health ("Christus") on April 15, 2005. For the reasons set forth below, this case will be remanded to the 214th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 04-7289-F.

**I.    JURISDICTION**

Christus removed this action to the Court on April 15, 2005, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.  The Court determines that it does not have jurisdiction over the above-styled action.

**II.   FACTS AND PROCEDURAL HISTORY**

The following uncontested facts are taken from the parties' pleadings.  This lawsuit arises from an agreement between Spohn Physical Therapy and Rehabilitation L.L.P ("Spohn P.T.") and Christus Spohn Health System Corporation ("Christus Spohn") for Spohn P.T. to provide inpatient and outpatient physical therapy and rehabilitation services to patients of Christus Spohn.  Spohn P.T. was formed as a partnership between Spohn Investment Corporation ("SIC"), which owns 80% of Spohn P.T., and Ross Physical Therapy and Rehabilitation, P.C. ("Ross P.T."), which owns the remaining 20% of Spohn P.T.  Karen Ross ("Ross") was appointed Executive Director of Spohn P.T.  The therapy services provided by Spohn P.T. are performed pursuant to a Professional Services Agreement ("PSA") between Spohn P.T. and Christus Spohn dated January 1, 2001.  SIC is a wholly owned subsidiary of Christus Spohn, which is a wholly-owned subsidiary of Christus.

On December 16, 2004, Christus Spohn and SIC filed an Original Petition for Declaratory Judgment (the "Petition") against Ross P.T. and Ross (collectively the "Ross Defendants") in

the 214th Judicial District Court of Nueces County, Texas, seeking that court's determination whether Christus Spohn improperly charged expenses under the pertinent service agreement to Spohn P.T., as alleged by the Ross Defendants.  Christus Spohn and SIC also requested a declaration that no other sums are owed to the Ross Defendants, and requested attorneys' fees and costs.  The Ross Defendants filed an Original Answer, and an Original Counterclaim and Petition for Declaratory Judgment on January 21, 2005.  In the Original Counterclaim, Christus was first named as a Counter-Defendant, and Spohn PT was named as a nominal defendant.

   Christus Spohn filed its Original Answer to the Counterclaim and Petition for Declaratory Judgment on February 21, 2005.  Christus filed its Original Answer to the Counterclaim and Petition for Declaratory Judgment on February 25, 2005, along with its Special Exceptions to same.  SIC filed its Original Answer to the Counterclaim and Petition for Declaratory Judgment on March 7, 2005.

   The Ross Defendants filed their First Amended Counterclaim and Petition for Declaratory Judgment ("Amended Counterclaim and Petition") on April 7, 2005.  That document clarified the Ross Defendants' allegations, and set forth ten state law causes of action: (1) breach of services agreement; (2) misuse of partnership funds for corporate expenses; (3) wrongful eviction; (4) interference with business opportunities; (5) promissory

estoppel; (6) conversion; (7) fraud and fraudulent inducement; (8) criminal conduct - securing execution of document by deception; (9) negligent misrepresentation; and (10) a determination of the buy-out price of Ross' interest in the Spohn P.T. partnership. The Ross Defendants also requested a determination that the "non-compete" clause pertaining to the Executive Director, Ross, was overly-broad, and that the restrictions placed on Ross should not be enforceable. In the Amended Counterclaim and Petition, relative to their allegation of a state law claim for wrongful eviction, the Ross Defendants additionally cited a violation of 42 U.S.C. § 1395nn (the "Stark Act"). Specifically, the Ross Defendants alleged that Spohn P.T. was paying more in lease payments to Christus Spohn than the new lease given to Corpus Christi's Women's Clinic required of that entity.

On April 15, 2005, Christus filed its Notice of Removal to this Court, claiming federal question jurisdiction pursuant to the Ross Defendants' cited violation of the Stark Act. Christus Spohn and SIC consented to removal that date. The Ross Defendants filed an Opposed Motion to Remand ("Motion to Remand") on May 5, 2005, to which Christus and SIC responded, with Christus Spohn joining Christus' response, on May 25, 2005.

## III. DISCUSSION

### A. Removal Generally

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in

a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  "In determining whether remand is appropriate, [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Id.

Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947).  It is well-settled law that the removing party bears the burden of showing that the removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating the jurisdictional basis for removal. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

### 1. Timeliness

A notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading ...."  28 U.S.C. § 1446(a).  The thirty day period starts to run when the defendant receives an initial pleading that affirmatively reveals on its face diversity or federal question jurisdiction. Leffall v. Dallas Indep. Sch.

a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  "In determining whether remand is appropriate, [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Id.

Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947).  It is well-settled law that the removing party bears the burden of showing that the removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating the jurisdictional basis for removal. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

**1. Timeliness**

A notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading ...."  28 U.S.C. § 1446(a).  The thirty day period starts to run when the defendant receives an initial pleading that affirmatively reveals on its face diversity or federal question jurisdiction. Leffall v. Dallas Indep. Sch.

Dist., 28 F.3d 521, 525 (5th Cir. 1994).

### 2. Amended Pleadings

Pursuant to 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is ... removable."

The Fifth Circuit requires that the information supporting removal under the second paragraph of 28 U.S.C. Section 1446(b) –- referring to a case not removable by its initial pleadings -- be "unequivocally clear and certain." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).  This is a higher standard than that required for removal under the first paragraph of 28 U.S.C. Section 1446(b) where the standard is that the initial pleading is "setting forth" a removable claim.  Id. (explaining that "to set forth" means "to give an account" whereas the second paragraph uses the word "ascertained" which means "to make certain").

The case at bar was not removable when the Original Petition was filed in state court on December 16, 2004, due to the lack of complete diversity between the parties, pursuant to 28 U.S.C. § 1332.  Christus now asserts that the action is removable to federal court because it could have been filed originally under federal question jurisdiction conferred by 28 U.S.C. § 1331.

**B.    Christus Defendants' Asserted Basis for Removal**

The Christus Defendants remove this case solely on the basis of the Ross Defendants' reference to a provision of the Stark Act in their Amended Counterclaim.  The Ross Defendants are clear in both the Original and the Amended Counterclaim and Petition for Declaratory Judgment in their assertion that "[t]he Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of Texas defendants.  Removal would be improper.  Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed ...."  In addition, in their Motion to Remand, the Ross Defendants reassert their contention that there is no valid basis for the exercise of federal jurisdiction over their state law claims.  They point out that the Amended Counterclaim and Petition delineated the common law grounds for their wrongful eviction claims, and that the discussion of the Stark Act provision at ¶ 8.4, pp. 10-11, was merely a reference to the federal statute as a component to its state law claims.  The Ross Defendants reiterate that there is no allegation made in the wrongful eviction claim seeking damages under a federal statute.  The Ross Defendants express a willingness to amend their Amended Counterclaim and Petition to eliminate any reference to the Stark Act as codified at 42 U.S.C. § 1395nn.

The threshold issue the Court needs to address is whether the case is removable by the Christus Defendants. It is well settled law that a plaintiff may not remove a case as counter-defendant, because the plaintiff, who chose the forum, is bound by that choice and may not remove the case. Scott v. Communications Services, Inc., 762 F.Supp. 147, 150 (S.D.Tex.1991) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

However, in Texas Board of Regents v. Walker, 142 F.3d 813, 816-17 (5th Cir. 1998), the Fifth Circuit upheld the proposition that a counterclaim defendant who was not a plaintiff in the original suit could remove if the counterclaim is separate and independent from the original claim. "A federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case." Id. Section 1441(c) states in full that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Id. at n.3. Among other penalties, the Stark Act's limitation on certain physician referrals specifically prohibits the government from paying on claims submitted for services rendered to patients in violation of the Act. 42 U.S.C. § 1395nn(a)(1). The Court

therefore finds that an alleged violation of the Stark Act involves an obligation distinct from the non-removable state law claims, and that Christus has standing to remove the action to federal court under federal question jurisdiction.

The Court must next determine if federal question jurisdiction is present.  "[T]he Fifth Circuit has articulated a three-prong test for determining if a question of federal law is so intertwined with state law that it merits federal question jurisdiction.  A complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim; (2) interpretation of the federal right is necessary to resolve the case; and (3) the question of federal law is substantial." Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001).

Whether a federal law is essential to a state law claim hinges on whether "the right or immunity [is] such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of America v. Southern Bus Lines, 189 F.2d 219, 222 (5th Cir. 1951).  In Howery, supra, the court held that federal question jurisdiction is only sustainable if the federal claim requires resolution of a substantial question of federal law.  The mere mention by Howery of Federal Trade Commission rules,

regulations and statutes did not state a federal claim when such mention fell into the middle of a list of alleged actions that were in violation of Texas law.  Howery held that since no federal right was an element of the state claim, no federal right needed to be interpreted, and the federal question in the case was not substantial.  The state law issues overwhelmed the federal law issues, and no federal question jurisdiction existed in the case. Id. at 919.  In the case at bar, the Ross Defendants mention of the Stark Act in their wrongful eviction claims fell into the middle of overwhelming state law issues.  Following the Fifth Circuit's lead in Howery, the Court finds no federal question jurisdiction in the present case.

## IV.  CONCLUSION

For the reasons set forth above, the Court hereby REMANDS this action to the 214th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 04-7289-F.

SIGNED and ENTERED this 6th day of June, 2005.

*Janis Graham Jack*
_____
Janis Graham Jack

                                        United States District Judge